UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GALO ERNESTO PADILLA TONATO, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

INWOOD PROPERTY DEVELOPMENT LLC, and ISAIAH MOULTRIE, individually,

Defendants.

**COMPLAINT**

**Docket No.:** 1:26-cv-01047

Jury Trial Demanded

GALO ERNESTO PADILLA TONATO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against INWOOD PROPERTY DEVELOPMENT LLC ("Inwood"), and ISAIAH MOULTRIE, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay their manual laborer employees all earned wages not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's requirement that employers pay their employees all of their earned wages in full and without

deduction, NYLL § 193; (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York limited liability company that operates a construction business in Queens, New York, as well as the entity's owner and day-to-day overseer - - as a non-managerial laborer from on or around February 15, 2025, to August 18, 2025. As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week, yet in exchange, Defendants paid Plaintiff a flat weekly salary that did not include overtime premiums for the hours that Plaintiff worked in a week in excess of forty.

3. Additionally, on several occasions, Defendants failed to pay Plaintiff all of his earned wages in a timely manner by, for the latter portion of his employment, paying him on a bi-weekly basis, and for the last eight weeks of his employment, paying him later than his regularly-scheduled payday and only paying him a portion of his earned wages in doing so, in violation of Sections 191(1)(a) and 193 of the NYLL, respectively.

4. Finally, Defendants failed to provide Plaintiff with any wage notice at the time of his hire or with any wage statement on each payday, let alone an accurate notice or statement, in violation of Sections 195(1) and 195(3) of the NYLL, respectively.

5. Defendants have paid and treated all of their non-managerial laborers in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## **JURISDICTION AND VENUE**

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Defendants' business is located in this District and Plaintiff performed substantially all of his work for Defendants in this District.

## **PARTIES**

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant Inwood was and is a New York limited liability company with its principal place of business located at 314 Morris Avenue, Inwood, New York 11096.

11. At all relevant times, Defendant Moultrie was and is the owner and day-to-day overseer of Defendant Inwood, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately

responsible for all matters with respect to hiring and firing employees, determining employees' rates, methods of pay, and work schedules, as well as for maintaining employment records, including those matters with respect to Plaintiff and FLSA Plaintiffs.

12. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant Inwoods's qualifying annual business has exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, and have bought and used materials such as machinery, tools, fixtures, and other construction equipment and supplies from vendors in states other than New York that they then use in their New York operations. They also accept payments in cash that naturally moves across state lines, as well as credit cards that are processed by out-of-state banking companies. The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who worked for Defendants at any time during the applicable FLSA limitations period as non-managerial laborers and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs have: (1) performed similar tasks, as described in the "Background Facts"

section below; (2) been subject to the same laws and regulations; (3) been paid in the same or similar manner; (4) been required to work in excess of forty hours in a workweek; and (5) not been paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial laborer employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, several of Plaintiff's coworkers, who are putative FLSA Plaintiffs, complained to Defendant Moultrie that Defendants were not paying them overtime pay for their overtime hours worked in accordance with the law, but Defendants have continued to pay them a flat weekly salary that did and does not include overtime pay for their hours worked over forty in a week.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay them overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## BACKGROUND FACTS

17. Defendant Inwood is a New York limited liability company that operates a construction company in Queens, New York.

18. As described above, Defendant Moultrie owns, manages, and oversees the day-to-day operations of the business, and was and is responsible for making all significant personnel-related decisions for all of its employees. Indeed, to that end, Moultrie, either directly or through his managers, hired Plaintiff, set Plaintiff's hours and rate of pay, paid him, communicated

Plaintiff's work instructions to him, and maintained or should have maintained Plaintiff's employment records.

19. Plaintiff worked for Defendants from on or around February 15, 2025, to August 18, 2025, as a non-managerial laborer. In this role, Plaintiff's primary duties consisted of installing drywall, pouring concrete, and repairing the walls of residential buildings. Well more than twenty-five percent of his work duties involved performing manually laborious tasks such as these.

20. Throughout Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did generally work, Monday through Saturday, from 8:00 a.m. to 4:30 p.m. with a thirty-minute break during each of his shifts, for a total of forty-eight hours per week.

21. In exchange for his work, Defendants paid Plaintiff a flat weekly salary of $800, which did not include overtime premiums at the rate of one and one-half times his regular rate of pay for any hours that Plaintiff worked over forty in a week.

22. By way of example only, for the week of July 14 through July 20, 2025, Defendants required Plaintiff to work, and Plaintiff did work, a total of forty-eight hours, according to the following schedule, with one thirty-minute break during each of his shifts:

Monday, July 14, 2025: 8:00 a.m. to 4:30 p.m.;

Tuesday, July 15, 2025: 8:00 a.m. to 4:30 p.m.;

Wednesday, July 16, 2025: 8:00 a.m. to 4:30 p.m.;

Thursday, July 17, 2025: 8:00 a.m. to 4:30 p.m.;

Friday, July 18, 2025: 8:00 a.m. to 4:30 p.m.;

Saturday, July 19, 2025: 8:00 a.m. to 4:30 p.m.; and

Sunday, July 20, 2025: off.

In exchange for his work that week, Defendants paid Plaintiff his weekly salary of $800.00, which

did not include overtime pay at the rate of one and one-half times his regular rate for the eight hours that he worked in excess of forty.

23. Defendants paid Plaintiff in cash on a weekly basis from the beginning of his employment until April 2025, and then on a bi-weekly basis from April 2025 until June 23, 2025. For Plaintiff's work from June 23, 2025, until the end of his employment, Defendants did not pay Plaintiff anything until August 18, 2025, at which time they only paid him a portion of what he was owed for those eight weeks, shorting him by approximately $4,400.00.

24. Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone a notice that accurately contained, *inter alia*: Plaintiff's regular and overtime rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

25. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, Plaintiff's regular and overtime rates of pay or his total hours worked for that week. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

26. Defendants have acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

27. Defendants have treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

28. Each hour that Plaintiff and FLSA Plaintiffs have worked has been for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

29. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

32. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the FLSA's overtime provisions.

33. Defendants have willfully violated the FLSA.

34. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

35. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Unpaid Overtime Under the NYLL and the NYCRR*

36. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

38. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL and the NYCRR.

39. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

40. Plaintiff and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Pay Wages on a Timely Basis in Violation of the NYLL*

42. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. NYLL § 191(1)(a) requires that employers pay their manual worker employees all of their earned wages on at least as frequently as a weekly basis.

44. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

45. As also described above, Defendants failed to pay Plaintiff and any FLSA Plaintiff who opts into this action all of their earned wages in a timely manner.

46. Plaintiff and any FLSA Plaintiff who opts into this action are entitled to recover all late or unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all earned wages to their manual worker employees in a timely manner.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unlawful Deductions in Violation of the NYLL*

47. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances, none of which is applicable here, and even then only upon obtaining that employee's express written consent.

49. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

50. As also described above, Defendants made unlawful deductions from the wages of Plaintiff and any FLSA Plaintiff who opts into this action.

51. Plaintiff and any FLSA Plaintiff who opts into this action are entitled to compensation for the amount of money that Defendants unlawfully deducted from their wages.

52. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to recover liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

53. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

55. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

56. As also described above, Defendants, at the time of hire, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with any wage notice, let alone a notice that accurately contained all of the criteria that the NYLL requires.

57. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

58. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

61. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with any wage statement, let alone a statement that accurately contained the criteria that the NYLL requires.

62. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

**DEMAND FOR A JURY TRIAL**

63. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participating in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i. Awarding pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
February 23, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________
RYAN S. RIGER, ESQ. (6176655)
MICHAEL J. BORRELLI, ESQ. (MB 8533)
ALEXANDER T. COLEMAN, ESQ. (AC 8151)